## STATE v. MARTIN M. FULKERSON.

No. A-2867—Opinion Filed July 26, 1919.

(182 Pac. 725.)

1. **LIMITATION OF PROSECUTIONS—Construction of Statute.**
A statute of limitations in criminal cases is to be liberally construed in favor of defendants, as it surrenders the right of the state to try and punish criminal offenses at its discretion.

2. **SAME—Statutory and Constitutional Provisions—Informations.**
The statute of limitations, section 6571, Comp. Laws Oklahoma 1909, in force as to all prosecutions by indictment for felony, except murder, committed after statehood and prior to the adoption of Revised Laws 1910, applies also to prosecutions for such offenses by information, thereby requiring an information charging such felony to be filed in the trial court within three years after the commission of the offense.

*Appeal from District Court, Woods County;*
*W. C. Crow, Judge.*

Martin M. Fulkerson was informed against for forgery, his demurrer to the information was sustained, and the State appeals. Affirmed.

On February 14, 1916, the county attorney of Woods county, Oklahoma, filed a preliminary information or complaint containing two counts against the defendant, Martin M. Fulkerson, the first count charging the forgery of a negotiable note, and the second count thereof charging the forgery of an indorsement guaranteeing the payment of said forged note. The complaint was filed before Hon. Gus Hadwicker, county judge of Woods county, sitting as an examining and committing magistrate, and, omitting the caption and formal parts, reads as follows:

*"First Count.*

"I, Sandor J. Vigg, county attorney of Woods county, Okla., in the name, by the authority and on behalf of the

state of Oklahoma, give information that on or about the 31st day of March, 1913, in said county of Woods, state of Oklahoma, one M. M. Fulkerson, then and there being, did then and there, with intent to defraud one W. A. Rafler, and other persons to our informant unknown, wilfully, falsely, fraudulently, unlawfully, and feloniously make, forge, and counterfeit an instrument in writing, to wit, a negotiable promissory note, being and purporting to be the act of another person, to wit, W. A. Rafler, by then and there, and without the consent of the said W. A. Rafler, and by which said forged, false, and counterfeit instrument in writing a pecuniary demand and obligation was then and there created and purported to be created against the said W. A. Rafler, and by which said false, forging, and counterfeiting of said instrument in writing, as aforesaid, the said W. A. Rafler may be affected, and was then and there affected, bound, and injured in his property, and which said false, forged, and counterfeited instrument in writing was and is of the tenor and in language, words, and figures as follows, that is to say:

" '$3,065.00　　　Alva, Oklahoma, March 31, 1913.

" 'On July 20th, 1913, I promise to pay to the order of the Alva Security Bank of Alva, Oklahoma, thirty-six hundred five dollars, for value received, payable at the Alva Security Bank of Alva, Oklahoma, with interest at the rate of ten per cent. per annum from maty. until paid.

" 'W. A. RAFLER.

" 'P. O. Alva.
" 'Security: C. M.
" '45774.'

"And on the back of said instrument in writing there are the following, to wit:

" 'Without recourse in any event. Alva Security Bank. Alva, Oklahoma, by M. M. Fulkerson, Cashier.

" 'Protest waived and payment guaranteed. M. M. Fulkerson. G. A. Harbaugh'
with the wilful, fraudulent, unlawful and felonious intent

of him, the said M. M. Fulkerson, to then and there and thereby cheat, wrong, and defraud the said W. A. Rafler, and other persons to your informant unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma.

### "Second Count.

"I, Sandor J. Vigg, county attorney of Woods county, Oklahoma, in the name, by the authority and on behalf of the state of Oklahoma, further complaining against the said M. M. Fulkerson, give information that on or about the 31st day of March, 1913, and within the county of Woods, state of Oklahoma, and at the same identical time and place, and as a part and parcel of the same identical transaction mentioned in the first count of this complaint, the said defendant, M. M. Fulkerson, then and there being, did then and there, with intent to defraud the said W. A. Rafler and G. A. Harbaugh, and other persons to your informant unknown, wilfully, falsely, fraudulently, unlawfully and feloniousy forge and counterfeit the name of the said G. A. Harbaugh on the back of said false, forged, and counterfeited instrument in writing, to wit, a negotiable promissory note, the same being and is the identical instrument in writing mentioned and set forth in the first count of this complaint, by then and there, and in the manner aforesaid, signing and forging the name of the said G. A. Harbaugh on the back of said instrument in writing, as an indorser thereon, without the authority so to do, and which said false, forged, and counterfeited indorsement was and is in writing and of the following tenor. that is to say, 'G. A. Harbaugh,' and which said false, forged. and counterfeited instrument was and is of the tenor and in language, words, and figures as follows, to wit:

" '$3,605.00.	Alva, Oklahoma, March 31, 1913.

" 'On July 20. 1913, I promise to pay to the order of the Alva Security Bank of Alva, Oklahoma, thirty-six hundred five dollars, for value received, payable at the Alva

Security Bank of Alva, Oklahoma, with interest at the rate of ten per cent. per annum from maty. until paid.

"'W. A. RAFLER.

"'P. O.:  Alva.
"'Security:  C. M.
"'45774.'

"And on the back of said instrument in writing there are the following indorsements and memorandas in writing, to wit:

"'Without recourse in any event.  Alva Security Bank, Alva, Oklahoma, by M. M. Fulkerson, Cashier.

"'Protest waived and payment guarantee.  M. M. Fulkerson.  A. Harbaugh.'

"And which said false, forged, and counterfeited indorsement on the back of said instrument in writing being and purporting to be the act of another person, to wit, the said G. A. Harbaugh, and by which said false, forged, and counterfeited indorsement of said name of said G. A. Harbaugh on the back of said false, forged, and counterfeited instrument in writing, as indorser thereon, a pecuniary demand and obligation was then and there created, and purported to be created, against the said G. A. Harbaugh and the said W. A. Rafler, and by which said false forging and counterfeiting of said name of the said G. A. Harbaugh, as indorser on said note as aforesaid, the said G. A. Harbaugh and the said W. A. Rafler may be affected, and were then and there affected, bound, and injured in their property; and he, the said M. M. Fulkerson, forged and counterfeited the name of the said G. A. Harbaugh on the back of said instrument in writing as an indorser thereon, with the wilful, fraudulent, unlawful, and felonious intent of him, the said M. M. Fulkerson, to then and there and thereby cheat, wrong, and defraud the said G. A. Harbaugh and the said W. A. Rafler, and other persons to your informant unknown, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

A warrant of arrest was duly issued on said complaint and served by the sheriff of Woods county by arresting the defendant on the 15th day of February, 1916, and bringing him before the county judge for preliminary examination.

On the 16th day of February, 1916, the defendant entered into an appearance bond to answer said charge, and on April 12, 1916, the defendant waived a preliminary hearing upon the charge contained in the complaint, and was held by the county judge to answer the same, and admitted to bail on the 15th of April, 1916.

Thereafter, on April 19, 1916, the county attorney of Woods county filed with the clerk of the district court of Woods county an information charging the identical offense set out in the preliminary complaint or information above. On the 7th day of October, 1916, the defendant, on being arraigned, filed a demurrer to the information, said demurrer being as follows, omitting said caption and formal parts:

"Comes now said defendant, M. M. Fulkerson, and demurs to the information filed against him in the above-entitled cause, and as grounds for such demurrer assigns the following, to wit:

"First. Because said information does not charge this defendant with any offense against the laws of the state of Oklahoma.

"Second. Because said information does not conform substantially to the provisions of chapter 62 of the Revised Laws of the state of Oklahoma 1910.

"Third. Because more than one offense is improperly sought to be charged in said information.

"Fourth. Because said information contains matters which constitute a legal defense to the offense charged, and is a bar thereto.

"Sixth. Because said information shows on its face that this prosecution is barred by the statutes of limitation."

On the 9th day of October, 1916, the district court of Woods county made an order sustaining said demurrer, which order is as follows:

"This cause coming on regularly for hearing on this 9th day of October, 1916, the same being a regular day of the regular October, 1916, term of the district court of Woods county, Okla., present Hon. W. C. Crow, presiding judge, and said cause being heard upon a demurrer to the information heretofore filed by the defendant, Martin M. Fulkerson, and the state of Oklahoma being present by Sandor J. Vigg, county attorney for Woods county, and J. I. Howard, Assistant Attorney General of the state of Oklahoma, and the defendant being present in person and by his attorneys, E. W. Snoddy, C. H. Mauntel, L. T. Wilson, and W. M. Bickel, and the court, after hearing said demurrer and hearing argument of counsel and being fully advised in the premises, does hereby sustain said demurrer and each and all of the paragraphs thereof, to which ruling of the court the state of Oklahoma does now except, and its exceptions are by the court allowed, and now the state of Oklahoma, by and through Sandor J. Vigg, county attorney of Woods county, Okla., and J. I. Howard, Assistant Attorney General of the state of Oklahoma, assigned to prosecute offenses against the banking laws of said state, does now in open court reserve an exception to the ruling of the court, and does hereby in open court reserve the question of the correctness of the ruling of the court in sustaining said demurrer for appeal and review by the Criminal Court of Appeals of the state of Oklahoma, and now in open court gives notice of its intention to appeal from said ruling of the court sustaining said demurrer to the Criminal Court of Appeals of the state of Oklahoma, and now, upon good cause shown, it is ordered by the court that the state be, and it is, hereby allowed 15

days from this date in which to make and serve a case-made in said cause, the defendant be and he is hereby allowed ten days in which to suggest amendments to said case-made, and the same be settled and signed upon five days' written notice by either party to the other, and it is further ordered that said appeal be perfected by filing with the clerk of the Criminal Court of Appeals petition in error with case-made attached within 40 days from this date, unless time is further granted by the court or judge thereon, for good cause.

"W. C. CROW, <em>Judge.</em>"

Thereafter the state of Oklahoma gave notice of its intention to appeal, and on November 6, 1916, filed an appeal in this court properly perfected.

Among the assignments of error are the following:

"Because the district court erred in sustaining the said demurrer to said information on the ground that the said information shows on its face that the alleged offense is barred by the statute of limitations of the state.

"Because said district court erred in sustaining said demurrer to said information and to each count thereof on the ground that the prosecution is barred by the statute of limitations.

"Because said district court erred in sustaining said demurrer to said information on the ground that more than one offense is improperly sought to be charged in said information."

*S. P. Freeling,* Atty. Gen., *J. I. Howard,* Asst. Atty. Gen., and *Sandor J. Vigg,* Co. Atty., for the State.

*Mauntel & Barry, L. T. Wilson,* and *W. M. Bickel,* for defendant in error.

MATSON, J. (after stating the facts as above). It appears from the briefs filed by both parties to this appeal that in sustaining the demurrer to the information the

trial court considered only two grounds, namely: That the alleged offense is barred by the statute of limitations of the state in force at the time; and (2) that more than one offense is improperly sought to be charged in the information.

The conclusion is reached that under the statutes of this state in force at the time this offense was committed an indictment or information charging the offense must have been filed in the district court of the county where the same was committed within three years after the date of its commission, and a failure to do so was a bar to the prosecution. It will be unnecessary, therefore, to consider the other question presented as to whether the information charges more than one offense.

The statutes of limitation in force at the time this offense was committed are embodied in sections 6570, 6571, and 6572, Compiled Laws of Oklahoma 1909, as follows:

"6570. There is no limitation of the time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed.

"6571. In all other cases an indictment for a public offense must be found within three years after its commission."

"6573. An indictment is found within the meaning of the last three sections, when it is duly presented by the grand jury in open court, and there received and filed."

Prior to statehood, prosecution for felony by information was not provided. All felony prosecutions prior to statehood had to be by indictment. Either the defendant prior to the return of the indictment had been bound over to answer said charge by a committing magistrate under a preliminary examination for the purpose of admitting to

9—16

bail, or else the evidence was submitted to the grand jury in the first instance. Under the statute then in force, the limitation as to a prosecution for a felony operated up until the very moment an indictment was presented by the grand jury in open court, and there received and filed. In those cases prosecuted by indictment, where a preliminary examination was had, and bail allowed, in no case was the prosecution considered commenced until the indictment had been returned and filed. *In re Lacey,* 6 Okla. 4, 37 Pac. 1095.

This was the situation then that confronted the framers of our Constitution and the people when they adopted the same, and section 17 of article 2 of the Constitution must be considered in connection with the foregoing statutes, and also in connection with section 2 of the Schedule to the Constitution.

Section 17 of article 2 provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 2 of the Schedule to the Constitution provides:

"All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

Section 17 of article 2, in so far as it provides for prosecution for felony by presentment or indictment, is

in no particular repugnant to the statutes of the territory of Oklahoma in force at the time of the adoption of the Constitution providing for prosecution of felonies by indictment, nor is it repugnant to the provisions of the territorial statutes heretofore quoted relative to the limitation of felony prosecutions by indictment.

Inasmuch as there was no provision of the territorial statutes relative to the prosecution of felonies by information, and therefore nothing provided in said statutes as to the limit of time within which such a prosecution might be instituted, it is necessary for the court to consider the intention of the framers of the Constitution and the people in adopting section 17 of article 2, *supra,* as to the time within which a prosecution for felony by information, other than the crime of murder, should be deemed commenced.

In our opinion, it was not the intention to provide one rule for the commencement of felony prosecutions by indictment and another and different rule for the commencement of the same by information.

In other words, while the framers of the Constitution provided that a preliminary examination, or a waiver of the same, was a necessary prerequisite for a prosecution of a felony by information, without making a preliminary examination a necessary prerequisite to prosecution by indictment, although such an examination was and is permissible in such prosecutions, nevertheless it is clear that as to the commencement of these prosecutions it was intended that the same statute should apply. Therefore, having not provided otherwise, it is our opinion that as to offenses committed prior to the adoption of Revised Laws

1910, the statute of the territory of Oklahoma requiring an indictment to be presented by the grand jury in open court and there received and filed before a felony prosecution was deemed commenced, was inferentially applicable to prosecutions by information, the said provision not being repugnant to prosecutions by information, thereby requiring the county attorney to file his information in the district or other court having jurisdiction to finally try the defendant, before the prosecution could be deemed commenced so as to arrest the running of the statute of limitations.

The state relies upon section 5625, Revised Laws 1910, which provides:

"In all other cases the prosecution for a public offense must be commenced within three years after its commission"

—and numerous well-considered authorities are cited to support the contention that a prosecution by information is deemed commenced within the meaning of such a statute, sufficient to prevent the statute of limitations from running against it, by the filing of a preliminary complaint on oath and the issuance of a warrant of arrest thereon in good faith. But said section is not applicable to this alleged offense, for the reason that section 2 of chapter 39, Session Laws 1910-11, p. 70, adopting said Code, specifically provided that—

"All general or public laws of the state of Oklahoma not contained in said revision are hereby repealed. Provided, that this act shall not be construed to repeal, or in any way affect * * * any pending proceeding or any existing rights or remedies, nor the running of the statute of limitations in force at the time of the approval of this act."

Prior to the adoption of Revised Laws 1910, the limitation was against the filing of the indictment or information; thereafter, against the commencement of the prosecution.

It appears from a copy of the alleged forged instrument set out in the body of the information, and from the allegations of the information itself, that this alleged crime was committed, if at all, on the 31st day of March, 1913, and that the information charging the offense was not filed in the district court of Woods county until the 19th day of April, 1916, more than three years after it is alleged said offense was committed. According to the conclusions reached, the offense, therefore, was barred by the statute of limitations in force at the time of the commission of the offense, and the subsequent taking effect of Revised Laws 1910 on the 17th day of May, 1913, did not have the effect of extending the statute of limitations, for the reason that it was clearly not the intention of the Legislature to give it any such effect.

The conclusion here reached is not in conflict with the opinion of the Supreme Court of this state in *Ex parte McNaught.* 1 Okla. Cr. 260, 100 Pac. 27, wherein it was held that section 5304, Wilson's Revised and Annotated Statutes 1903, providing that no person shall be prosecuted for a felony in the district court except by indictment, was repugnant to section 17, article 2, of the Constitution, which was held to be self-executing, and for that reason section 5304 was not extended in force in the state under section 2 of the Schedule, for the reason that said section also provided for prosecution for felony by information. But there is nothing in the Constitution touching upon the question of when prosecution for felony should be commenced, or how and when they should be deemed

commenced. Therefore the provision of the territorial statute above quoted, requiring an indictment for a felony to be filed within three years after the crime was committed, was not repugnant to any provision of the Constitution relating to prosecution of felonies by indictment, and under section 2 of the Schedule was extended in force after statehood. If extended in force as to prosecutions by indictment, with what reason may it be assumed that it was not intended that an information charging such an offense should be filed within three years after the commission of the offense, and, if a prosecution by indictment was not commenced until the indictment was filed (*Ex parte Lacey, supra*), with what reason can it be said that a prosecution by information should be deemed commenced at any time before the information is filed in the trial court?

In *Re McNaught*, 1 Okla. Cr. 528, 99 Pac. 241, this court held, under section 17 of article 2 of the Constitution, that in prosecutions for felony by indictment or information, concurrent remedies were provided. If concurrent remedies, and a prosecution by indictment charging a felony must be filed within three years after the commission of the offense as to all felonies committed prior to the taking effect of Revised Laws 1910, certainly as to such felonies prosecutions by information must also have been filed within three years after the commission of the offense. Any other construction would rob such limitation statute of uniformity.

It must be fully understood that the decision in this case has no bearing whatever upon the commencement of prosecutions for crimes committed on and after the date of the taking effect of Revised Laws 1910 (Harris-Day Code).

For the reasons stated, it is the opinion of the court, therefore, that this cause was barred by the statute of limitations in force at the time this information was filed in the district court of Woods county charging the offense, and that the trial court did not err in sustaining the demurrer to the information. *People v. Ayhens*, 85 Cal. 86, 24 Pac. 635.

The judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.