The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Damon Lamar WARE, Defendant–Appellee.

No. 00CA1954.

Colorado Court of Appeals, Div. A.

Dec. 20, 2001.

James J. Peters, District Attorney, John A. Topolnicki, Chief Deputy District Attorney, Englewood, CO, for Plaintiff–Appellant.

Seawell, Gilbertson & Buckmelter, LLC, Vincent Buckmelter, J.Y. Kang, Denver, CO, for Defendant–Appellee.

Opinion by Chief Judge HUME.

The People appeal the district court's order dismissing charges against defendant, Damon Lamar Ware, for lack of jurisdiction. We affirm.

On December 24, 1990, while driving intoxicated, defendant allegedly caused a car crash in which several people were seriously injured. At the time, defendant gave police a false name; however, police discovered his true identity the following day. A computer check revealed that defendant had more than twelve prior offenses. A majority of the offenses listed birth dates that indicated defendant to be eighteen at the time of the incident, but four of the offenses had defendant's correct date of birth, showing that he was only seventeen.

In January 1991, felony and misdemeanor charges were filed against defendant as an adult in county court. When defendant failed to appear on the charges, an arrest warrant was issued. His whereabouts remained unknown until his apprehension in 1998.

Defendant then informed authorities that he was a juvenile at the time of the incident. The district attorney filed a juvenile delinquency petition and voluntarily dismissed the county court case. On defendant's motion, the district court dismissed the juvenile felony charges for lack of jurisdiction based upon the statute of limitations.

## I.

The People argue that the court improperly applied the statute of limitations, § 16–5–401, C.R.S.2001. We perceive no error.

Section 16–5–401 provides that any felony prosecution, with certain exceptions not applicable here, must commence within three years after the offense.

■ Pursuant to § 19–2–104(1)(a), C.R.S. 2001, juvenile courts have exclusive original jurisdiction over any juvenile who has violated state law.

Although the People concede that the county court did not have jurisdiction over defendant because he was a juvenile at the time of the incident, they argue that the tolling provision in § 16–5–401(3) should apply. That provision states:

> The period within which a prosecution must be commenced does not include any period in which a prosecution is pending against the adult defendant or juvenile for the same conduct, even if the indictment, information, complaint, or petition in delinquency which commences the prosecution is quashed or the proceedings thereon are set aside or are reversed on appeal.

The People contend that the limitation period should be tolled between January 1991, when defendant was originally charged as an adult, and December 1998, when defendant was apprehended, because a prosecution then was pending against defendant for the same conduct.

However, the tolling provision in the statute of limitations presupposes that the original charges are "filed in a court of competent jurisdiction." See § 16–5–401(1)(a), C.R.S.

2001; *see also Walker v. People*, 932 P.2d 303 (Colo.1997)(statutes should be interpreted according to the plain meaning of the language). Because the felony charges were not filed in a court of competent jurisdiction until 1998, the tolling provision of § 16–5–401(3) does not affect them.

## II.

Nor are we persuaded by the People's argument that defendant waived juvenile court adjudication by falsely stating to police that he was of majority status.

 Under Colorado law, the statute of limitations in criminal matters operates as a jurisdictional bar to prosecution that cannot be waived. *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958), *overruled in part on other grounds by County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977); *People v. Verbrugge*, 998 P.2d 43 (Colo.App. 1999). Accordingly, defendant's statements could not operate as a waiver.

We also agree with the district court that *Nicholas v. People*, 973 P.2d 1213 (Colo. 1999), is instructive in this case. In *Nicholas*, the seventeen-year-old defendant represented that he was eighteen to police who interrogated him without a parent present in contravention of the Children's Code. The supreme court suppressed the statements, holding that while several exceptions existed to the parental presence requirement, there was no exception at the time for juveniles who lied about their age, even though the police acted in good faith. Similarly, among the exceptions to the statute of limitations, there is no exception for a juvenile who misrepresents his age and leads authorities to file charges in a court lacking jurisdiction.

The order is affirmed.

KIRSHBAUM * and PIERCE *, JJ., concur.