2006 OK CR 51

**Kenneth James COX, Petitioner**

v.

**STATE of Oklahoma, Respondent.**

No. C–2005–675.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 2006.

Greg Camp, attorney at law, Enid, OK, attorney for defendant at trial.

Stephanie Hampton, Bryan Slabotsky, Michael Fields, Office of District Attorney, Enid, OK, attorneys for State at trial.

Kimberly D. Heinze, Appellate Defense Counsel, Oklahoma Indigent Defense System, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Thomas Lee Tucker, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### A. JOHNSON, Judge.

¶ 1 Petitioner Kenneth James Cox, pled guilty in the District Court of Garfield County to Child Sexual Abuse in violation of 10 O.S. § 7115(E) in Case No. CF–2004–48. The Honorable Ronald G. Franklin, District Judge, accepted Cox's plea and sentenced him to twenty years imprisonment with all but the first fifteen years suspended. Cox filed a timely motion to withdraw his plea and, after a hearing, the district court denied it. Cox now seeks *certiorari* review of the district court's order denying his motion to withdraw his plea.

¶ 2 Cox raises the following propositions of error:

I.  The prosecution for child sexual abuse was time-barred by expiration of the statute of limitations.

II.  The district court erroneously denied his motion to withdraw his plea because there was an insufficient factual basis on an essential element of the offense.

III.  The guilty plea was not knowingly and voluntarily entered.

IV.  The sentence imposed by the district court was excessive.

¶ 3 After considering these propositions and the record of the proceeding below, we grant the petition for *certiorari*, vacate the judgment and sentence, and remand with direction that Cox be permitted to withdraw his plea. Because we remand on the basis that the offense was time-barred under the statute of limitations as charged and on the additional grounds that the record contains an insufficient factual basis to establish that Cox's plea was entered knowingly and intelligently, we do not address Cox's excessive sentence claim, nor do we address the propriety of raising such a claim on *certiorari* review.

## A. *Statute of Limitations*

### 1. Jurisdictional Requirement or Affirmative Defense?

¶ 4 Cox contends initially that prosecution for this crime was barred by the statute of limitations. The State argues that Cox raises the issue for the first time in this appeal and therefore has waived the matter. Generally, when an issue is not raised in the trial court, it is reviewed only for plain error on direct appeal. *Medlock v. State,* 1994 OK CR 65, ¶ 34, 887 P.2d 1333, 1344.[1] In a *certiorari* appeal such as this, our review is even more limited. On *certiorari* review of a guilty plea, our review is limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction to accept the plea. *Frederick v. State,* 1991 OK CR 56, ¶ 5, 811 P.2d 601, 603. This Court has not addressed directly, however, whether a statute of limitations claim may be reviewed for the first time on either direct or *certiorari* appeal. Resolution of this question hinges on whether a statute of limitations is construed as an affirmative defense or as a constraint on the trial court's jurisdiction. If, as the State asserts, a statute of limitations is an affirmative defense, not raising the defense in the trial court clearly waives the issue on *certiorari* review as a non-jurisdictional defect and thereby limits review solely to a review of the knowing and voluntary nature of the guilty plea. *See e.g., Frederick,* 1991 OK CR 56 at ¶ 5, 811 P.2d at 603 (holding that voluntary guilty plea waives all but non-jurisdictional defects). If, on the other hand, a statute of limitations is construed as imposing a jurisdictional limit on the State's power to prosecute a criminal case, or concomitantly, on a trial court's power to hear the case, a statute of limitations challenge may be raised for the first time on direct or certiorari review. *See e.g., Bowen v. State,* 1972 OK CR 146, ¶ 8, 497 P.2d 1094, 1097("objection to lack of jurisdiction may be raised at any time or stage of the proceeding").

¶ 5 This Court's only statement on the issue is found in *State v. Day,* 1994 OK CR 67, ¶ 14, 882 P.2d 1096, 1098, where we stated that statutes of limitations raise a "jurisdictional issue and, once asserted, the presumption is that the statute has run and the State has the obligation to overcome this presumption." In *Day,* the defendant successfully asserted a statute of limitations defense in the trial court against a charge of lewd molestation and the State appealed. Unlike the jurisdictional issue raised here, however, the sole issue in *Day* was a question of statutory construction as to when the statute of limitations for the crime of lewd molestation began to run (i.e., after discovery by the victim or the State). Because it was unnecessary for the *Day* court's resolution of the issue before it, the Court's pronouncement that a statute of limitations is jurisdictional is *dictum.* As a result, *Day* does not resolve the issue presented here.

¶ 6 Recognizing the lack of clear direction from this Court, Cox and the State each seek authority for their respective positions from other jurisdictions. Cox relies on the Tenth Circuit case of *United States v. Cooper,* 956 F.2d 960, 961–62 (10th Cir.1992). In *Cooper,* the Tenth Circuit held that a statute of limitations operates "as a jurisdictional limitation upon the power to prosecute and punish" and is therefore noticeable when raised for the first time on appeal. *Id.* at 961–62. The *Cooper* court took pains to explain, however, that the use of the term jurisdictional in the statute of limitations context does not equate to the concept of subject matter jurisdiction, and that unlike subject matter jurisdiction, which cannot be waived to confer subject matter jurisdiction on a court when it has none, a defendant may waive a statute of limitations as bar to prosecution. *Id.* at 962. The approach taken by the Tenth Circuit in Cooper and urged upon this Court by Cox is similar to that followed by several states.[2]

---

1. *See also* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2001).

2. *See e.g., People v. Ware,* 39 P.3d 1277, 1279 (Colo.Ct.App.2001) (holding that in criminal matters, statute of limitations is jurisdictional bar to prosecution that cannot be waived); *Speigner v. State,* 663 So.2d 1024, 1025–26 (Ala.Crim.App.1994)(holding that statute of limitations is jurisdictional issue and guilty plea only waives non-jurisdictional defects); *People v.*

The State on the other hand relies on case law from a different group of states to support its position that a statute of limitations merely provides an affirmative defense that, like other defenses, is waived through failure to assert the defense in the trial court.[3]

¶ 7 This Court's early jurisprudence provides guidance here and points to the approach taken by the Tenth Circuit in *Cooper* as being the correct path. In the syllabus to *State v. Fulkerson*, 16 Okl.Cr. 250, 182 P. 725 (1919), this Court held that a statute of limitations abrogates the right of the State to try and punish criminal offenses at its discretion. When so viewed, a statute of limitations constrains the reach of the State's power to prosecute and punish. It is therefore jurisdictional.

¶ 8 By concluding that a statute of limitations is jurisdictional we do not, however, equate the jurisdictional nature of statutes of limitations with the concept of subject matter jurisdiction. We, like the Tenth Circuit in Cooper, do not believe such a parallel exists. *See Cooper*, 956 F.2d at 962. Subject matter jurisdiction applies to a court's authority to adjudicate[4] a particular type of controversy. *See Marley v. Dept. of Labor and Industries*, 125 Wash.2d 533, 886 P.2d 189, 193 (1994)(citing Restatement (Second) of Judgments § 11). If the type of controversy at issue is within a court's subject matter jurisdiction, " 'then all other defects or errors go to something other than subject matter jurisdiction.' " *Marley*, 886 P.2d at 193 (quoting Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse*, 1988

B.Y.U.L.Rev. 1, 28). Because statutes of limitation speak in terms of time periods in which prosecutions must be initiated, not in terms of types of controversies, limitations periods are jurisdictional only in the sense that they impose temporal, but not subject matter, limits on a court's exercise of judicial authority. Subject matter jurisdiction, cannot be waived to confer jurisdiction on a court lacking the power to adjudicate a particular type of controversy. A statute of limitations, however, may be waived because such waiver affects only the temporal breadth of the court's power over a type of controversy that is already within its subject matter reach. *See Bowen v. State*, 1972 OK CR 146 at ¶ 8, 497 P.2d at 1097 ("jurisdiction of subject matter can neither be waived nor conferred by consent"); *Cooper*, 956 F.2d at 962 (same).

¶ 9 In this sense then, by waiving the statute of limitations applicable to a particular crime, a defendant neither confers subject matter jurisdiction on the court to adjudicate the case nor power on the State to prosecute. Instead, the waiver becomes a binding agreement not to object to the filing of charges beyond the time bounds established by the statutory limitation. Nevertheless, because a statute of limitations may operate as an absolute bar to prosecution and implicates at least the temporal jurisdictional limits of the power of a court to adjudicate a case as well as the State's power to prosecute, we will not presume a defendant waived the issue through silence by failing to raise it in the trial court. *Cf. Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23

*Lamb*, 76 Cal.App.4th 664, 90 Cal.Rptr.2d 565, 573–76 (1999) (explaining general rule is that statute of limitations may be raised at any time; defendant did not expressly waive statute of limitations for his benefit to get around this rule); *State v. Stillwell*, 175 N.J.Super. 244, 418 A.2d 267, 271 (1980) (holding that statute of limitations is absolute bar to prosecution that may be raised at any time).

**3.** *See e.g., Christmas v. State*, 700 So.2d 262, 266 (Miss.1997)("This court determined the better rule to be that in a criminal case statutes of limitations are not jurisdictional, but an affirmative defense that may be waived"); *Hubbard v. State*, 112 Nev. 946, 920 P.2d 991, 993 (1996)(opinion on rehearing)(holding that where

defendant failed to raise statute of limitations defense during guilty plea, it was waived on appeal); *Longhibler v. State*, 832 S.W.2d 908, 910–11 (Mo.1992)(holding that statute of limitations is non-jurisdictional and may be waived); *State v. Lambrechts*, 585 A.2d 645, 648 (R.I. 1991)(same); *State v. Herring*, 209 Conn. 52, 547 A.2d 6, 9–10 (1988)(same).

**4.** Black's defines the term "adjudicate" as follows:

To settle in the exercise of judicial authority. To determine finally. Synonymous with *adjudge* in the strictest sense.

*Black's Law Dictionary* 42 (6th ed.1990)(emphasis in original).

L.Ed.2d 274 (1969)(holding that in guilty plea context, waiver cannot be presumed from silent record); *Cooper*, 956 F.2d at 962 (explaining that express waiver of statute of limitations is necessary for to allow otherwise, based "simply on the strength of a defendant's mistaken notion that a valid charge was pending against her, would be to change the statute of limitations from a law into a mere suggestion"). In Cox's situation, this means that his assertion that prosecution was barred by the statute of limitations was not waived by his silence on the issue and may be considered on *certiorari* review because it implicates a jurisdictional defect in the proceeding below.

## 2. Retroactive Application

¶ 10 Having concluded that Cox's statute of limitations claim raises a jurisdictional defect that was not expressly waived, the claim is ripe for review on the merits.

¶ 11 Cox was charged in 2004 with Child Sexual Abuse occurring between January and April of 1998 in violation of 10 O.S. § 7115(E). Title 22 O.S. § 152 establishes the limitations periods for criminal prosecutions. Title 22 O.S. §§ 152(A) and (C) require that prosecution of certain specifically enumerated crimes be initiated within seven years of the discovery of the crime. Prosecution of crimes not specifically listed in §§ 152(A) or (C) must begin within three years after the commission of the offense under the catch-all provisions of 22 O.S. § 152(G). In 1998, child sexual abuse crimes committed in violation of 10 O.S. § 7115 were not specifically listed in § 152(C) as seven-year crimes. Section 7115 was added to the seven-year list in 2000.[5] Prior to 2000, then, the statute of limitations for § 7115 offenses fell under the catch-all provisions of § 152(G) and therefore carried a three-year limitations period.

¶ 12 The charging information alleges that Cox sexually abused his victim in 1998, and Cox's various admissions all specifically refer to the abuse occurring in 1998. The victim, however, claimed the abuse occurred in 2001 in her statement contained in the probable cause affidavit attached to the charging information. If the abuse occurred in 1998 as charged, and admitted to by Cox, then the pre–2000 three-year statute of limitations would have run in 2001 and Cox's 2004 prosecution was time-barred.

¶ 13 The State argues, however, that the seven-year limitations period applies in this instance because it was enacted during the time that Cox was still subject to prosecution under the previous limitations period. Cox contends, on the other hand, that enlarging the limitations period in 2000 to cover crimes already committed, and for which a three-year limitations period was already running, constitutes impermissible retroactive application of the criminal code in violation of 22 O.S.2001, § 3 which states that "[n]o part of this code is retroactive unless expressly so declared."[6]

¶ 14 The Court addressed this same issue in *State v. Watkins*, 1992 OK CR 50, 837 P.2d 477. *Watkins* held that an amended statute of limitations cannot be applied to an offense where a shorter pre-existing limitations period was already running under 22 O.S. § 152's catch-all provision because to do so violates the prohibition of 22 O.S. § 3 against retrospective application of a criminal procedure statute. *Id.* at ¶¶ 6–7, 478. Other than the

---

5. See 2000 Okla. Sess. Laws, Ch. 245 (H.B. 1881).

6. Cox does not contend that enlargement of an unexpired limitations period violates the *ex post facto* Clause of the United States Constitution. Furthermore, the State correctly notes that many jurisdictions, including the United States Supreme Court, have held that extending a statute of limitations, where the prior limitations period has not run as of the date of the extension, does not violate the *ex post facto* Clause. *See e.g.*, *Stogner v. California*, 539 U.S. 607, 619, 123 S.Ct. 2446, 2453, 156 L.Ed.2d 544 (2003)(distinguishing situations where an amendment to a statute of limitations attempts to revive a crime that is already time-barred and extending existing limitations periods); *United States v. Taliaferro*, 979 F.2d 1399, 1402–1403 (10th Cir.1992) (holding that extension of limitations period, where original period had not run is not retroactive and does not violate *ex post facto* Clause); *Commonwealth v. Johnson*, 520 Pa. 165, 553 A.2d 897, 900 (1989) (Same); *State v. Martin*, 138 N.H. 508, 643 A.2d 946, 948 (1994) (Same); *State v. Wolfe*, 61 S.D. 195, 247 N.W. 407, 409 (1933) (Same); *State v. Duffy*, 2000 MT 186, 300 Mont. 381, 6 P.3d 453, 459–460 (2000) (Same).

fact that the crime at issue in *Watkins* was embezzlement, not child sexual abuse, *Watkins* is directly on point. Watkins was charged with embezzling funds. At the time of commission of the offense, in 1984, embezzlement was not a listed seven-year offense under 22 O.S. § 152. Embezzlement was therefore, according to the Court, subject to the catch-all three-year limitation period of § 152(G). In 1985, while Watkins was still within the original three-year limitations period, the legislature amended § 152(A) to specifically add embezzlement to the seven-year list. Watkins was charged in 1990 which fell outside the original three-year limitation period, but within the amended seven-year period. Watkins moved to dismiss on the grounds that the prosecution was time-barred under the three-year limitations period. The trial court sustained the motion and dismissed the case. The State appealed and this Court affirmed. In affirming the trial court's dismissal of the case as time-barred the *Watkins* court explained:

> The general common law rule of statutory construction is that statutes and amendments are to be construed to operate only prospectively unless the legislature clearly expresses an intent to the contrary. *Welch v. Armer*, 776 P.2d 847 (Okl.1989). However, as was indicated in *Welch*, "remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights are generally held to operate retrospectively." *Id.* at 850.

> In the present case, the appellant would have this Court find, as others have, that an amended statute of limitations can be applied retrospectively so long as the accused has not acquired a vested right of acquittal by the running of a prior applicable statute of limitations. *See People v. Massarella*, 80 Ill.App.3d 552, 36 Ill.Dec. 16, 400 N.E.2d 436 (1979); *People v. Anderson*, 53 Ill.2d 437, 292 N.E.2d 364 (1973). While such an argument may be well taken in other jurisdictions, the statutes governing Criminal Procedure in Oklahoma specifically preclude this ruling. This is because the issue of retrospective application of all statutes contained within the criminal procedure code has been specifically addressed by a section of that very

code. Title 22 O.S.1981, § 3 sets forth that "[n]o part of this code is retroactive unless expressly so declared." Because the statutes of limitation at issue in this case, 22 O.S.1981, § 152 and its amended version, are within the criminal procedure code, we find 22 O.S.1981, § 3 to be dispositive; the amended statute of limitations cannot be applied to the case at bar because that would constitute prohibited retroactive application of a criminal procedure statute.

¶ 15 Acknowledging that *Watkins* controls this issue, the State nonetheless asks the Court to revisit *Watkins* and overrule it. In support of its position, the State advances decisions of courts of a number of other jurisdictions holding that an extension of a statute of limitations is prospective, not retroactive, so long as the original statutory period has not yet expired. We acknowledge that other jurisdictions have adopted a view contrary to our holding in *Watkins*. We note, however, as we did in *Watkins*, that most of those jurisdictions are not constrained by statute as we are by 22 O.S.2001, § 3 which states that no part of the criminal code "is retroactive unless expressly so declared."

¶ 16 The State points to the case of *State v. O'Neill*, 118 Idaho 244, 796 P.2d 121 (1990), in which the Supreme Court of Idaho was similarly constrained by a retroactivity statute. The issue presented in *O'Neill* was whether an Idaho statute providing that "[n]o part of these compiled laws is retroactive, unless expressly so declared," prohibited application of a newly enacted five-year statute of limitations to a crime that had been committed while a three-year limitations period was in effect. *O'Neill*, 796 P.2d at 124. The *O'Neill* court disposed of the case by refusing to find that enlargement of a currently running statute of limitations constituted retrospective application of a newly enacted law in violation of the Idaho anti-retroactivity statute. *Id.* at 125. It did so by reasoning that to make such a finding would require it to hold that

> the violation of a statute by an individual conferred upon that individual at the time of the violation of the statute, a "bundle of rights" which included the then statute of

limitations, which rights were vested at the time of the violation of the statute and could not be altered or amended by the legislature.

*Id.*

¶ 17 We do not find the *O'Neill* analysis persuasive. In our view, the pre–2000 version of 22 O.S. § 152, establishing a three-year limitations period for child sexual abuse under the catch-all provisions at 22 O.S. § 152(G), does not confer a right that cannot be altered or amended by the legislature. To the contrary, 22 O.S.2001, § 3 explicitly permits retroactive application of criminal statutes. It simply requires that the legislature declare its intent when doing so. With regard to child sexual abuse crimes in violation of 10 O.S. § 7115, the legislature could have caused the newly enacted seven-year limitations period at 22 O.S.2001, 152(C) to be retroactive by merely adding language to the statute declaring that the enlarged limitations period applied to crimes whose limitations periods were already running. In the absence of such an express declaration, and in compliance with the command of 22 O.S. 2001, § 3, we must construe the 2000 amendment to the limitations periods set out in 22 O.S.2001, § 152(G) as operating prospectively only. For these reasons, we find *Watkins* continues to serve as sound precedent.

**B.  *Factual Basis***

¶ 18 Cox asserts next that the district court erred by not permitting him to withdraw his guilty plea. Specifically, Cox challenges the plea for having an inadequate factual basis and thus not being knowingly and voluntarily entered. This Court reviews a denial of a defendant's motion to withdraw a guilty plea for an abuse of discretion. *Coyle v. State,* 1985 OK CR 121, ¶ 5, 706 P.2d 547, 548. As noted above, review of the district court's denial of a motion to withdraw a plea is limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction to

accept the plea. Having already addressed the jurisdictional question we now turn to the question of whether the record supports the district court's conclusion that the plea was entered knowingly and voluntarily.

¶ 19 In the district court, Cox based his motion to withdraw his plea on an allegation that he was coerced into entering the plea by his wife. In this appeal, Cox contends, among other things, that the district court failed to establish a factual basis for the plea upon which it could determine whether the plea was entered intelligently. *King v. State,* 1976 OK CR 103, 553 P.2d 529, sets out procedural guidelines for a trial court's acceptance of a guilty plea. The purpose of the King guidelines is to provide a proper record establishing the totality of the circumstances surrounding the plea so this Court may assess the validity of the plea on appeal. *Ocampo v. State,* 1989 OK CR 38, ¶ 8, 778 P.2d 920, 923. Among the indicia of validity (i.e., voluntariness) set out in the *King* guidelines is a requirement that the trial court obtain a factual basis for the plea. *King,* 1976 OK CR 103 at ¶ 11(III)(B)(1), 553 P.2d at 535; *Hagar v. State,* 1999 OK CR 35, ¶ 4, 990 P.2d 894, 896. Specifically, "[t]he factual basis of the plea must be sufficient to provide a means by which the judge can test whether the plea is being entered intelligently." *Hagar,* 1999 OK CR 35 at ¶ 4, 990 P.2d at 897 (citing *North Carolina v. Alford,* 400 U.S. 25, 37–38, 91 S.Ct. 160, 167–68, 27 L.Ed.2d 162, 171–72 (1970)).

¶ 20 Since Cox waived preliminary hearing, the record of his case consists of the charging information, a summary of facts/plea form, the transcript of the plea hearing, the transcript of the sentencing hearing, and the transcript of the hearing held on Cox's motion to withdraw his plea.[7] The charging information alleged that "between January, 1998, and April, 1998," Cox

> willfully and maliciously engage[ed] in child sexual abuse, by forcing [the victim], who was six (6) years old at the time, to

---

7.  The parties also refer to the presentence investigation report that was prepared by order of the district court, a copy of which was included in the record on appeal. Under direction of 22 O.S.2001, § 982(D), we are prohibited from con-sidering the contents of this report. Section 982(D) provides in relevant part that "[t]he presentence investigation reports specified in this section shall not be referred to, or be considered, in any appeal proceedings."

engage in indecent acts, to wit: by forcing [her] to masturbate him, while said Kenneth James Cox was a person responsible for the child's health, safety or welfare, all of which is contrary to the Statutes ...

(O.R. at 1).

¶ 21 Contrary to the face of the information, which alleged the offense occurred between January and April 1998, the supporting affidavit prepared by Detective Bryan Skaggs and attached to the information cited the victim as claiming the alleged abuse occurred between May 15 and July 24, 2001. According to the affidavit:

> [the victim] said sometime between May 15, 2001 and July 24, 2001 there were two occasions when Mr. Cox placed her face in his lap and asked her to lick his "Wiener". [The child] said this happened at Kenneth's house, which was later determined to be 218 E. Cedar. I asked [her] to tell me exactly what happened. She said that Kenneth would pull his pants down past his "wiener" and push her head down and tell her to lick it. [The victim] said that she wouldn't lick it because of the "nasty white stuff that comes out of it". She said that she would use her hands to go up and down on it until the white stuff came out. She said that one time they were on the couch when Kenneth made her do this. She said that she used her hands on Kenneth's wiener until the nasty white stuff came out and landed in her lap. I gave [her] my ballpoint pen and asked her to show me what she did to Kenneth's wiener. [She] took the pen and moved her hands up and down and said she kept doing that until the white stuff came out.

(Information Affidavit (O.R. at 3)). The affidavit also recited that on January 9, 2004, Cox "confessed" to police that the encounters with the child happened between January and April 1998.

¶ 22 At the plea hearing, the district court judge inquired as to whether Cox: (1) filled out the guilty plea summary of facts form

with the assistance of his attorney; (2) was threatened or coerced into pleading guilty; (3) personally signed the summary of facts form; (4) acknowledged the plea as a free and voluntary act; and (5) understood that by signing the summary of facts form he was swearing that the answers he provided on the form were true and correct. The district court judge made no inquiry into any facts of the case, nor did he invite the State to make an offer of proof, or question Cox as to whether he understood the nature and consequences of his plea. In accepting the plea, the district court apparently relied solely on the summary of facts form in which Cox stated:

> IN GARFIELD CO I Allowed AN [sic] Eigt YR OLD girl to Touch my PRIVATES

(O.R. at 15). Significantly, however, on that same form, in response to the question "Do you understand the nature and consequences of this proceeding?" Cox circled "*No.*" (O.R. at 13)(emphasis added).

¶ 23 At his sentencing hearing, Cox denied that he forced the child to masturbate him. According to Cox, in the first incident, he was asleep in bed under the influence of cold, cough, and anti-seizure medication when the victim got into bed with him, unbuttoned his pants, and began masturbating him. Cox also claimed that the child tried to fondle him the next day and he "pushed her away."

¶ 24 Despite the substantial three-year discrepancy between the dates of the alleged offense and the dates actually pled to, and despite Cox's refusal to acknowledge that he willfully committed the acts alleged, the investigating officer's affidavit, the summary of facts form, and Cox's testimony at sentencing in the aggregate provide a sufficient record to establish a factual basis for some act of sexual misconduct with a child. However, Cox was not charged with lewd or indecent acts under 21 O.S. § 1123 for which this factual basis arguably is sufficient.[8]

---

8. Title 21 O.S.2001, § 1123, the version in effect at the time Cox was charged, provides in relevant parts that:

> A. Any person who shall knowingly and intentionally:

...

> 5. In a lewd and lascivious manner and for the purpose of sexual gratification, urinate or defecate upon a child under sixteen (16) years of age or ejaculate upon or in the presence of a

Rather, he was charged with child sexual abuse in violation of 10 O.S. § 7115(E). The version of § 7115(E) in effect at the time Cox was charged, states in relevant part that:

Any parent or other person who shall willfully or maliciously engage in child sexual abuse shall, upon conviction, be punished by imprisonment in the State Penitentiary not exceeding life imprisonment, or by imprisonment in a county jail not exceeding one (1) year, or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5000.00), or both such fine and imprisonment, except as provided in Section 3 of this act.[9] *As used in this section, "child sexual abuse" means the willful or malicious sexual abuse, as defined by paragraph 6 of subsection B of Section 7102 of this title,* of a child under eighteen (18) years of age by another.

10 O.S.Supp.2002, § 7115(E)(emphasis added). The version of § 7102(B)(6) in effect at the time Cox was charged defined child sexual abuse as follows:

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law, *by a person responsible for the child's health, safety or welfare.*

10 O.S.Supp.2002, § 7102(B)(6)(emphasis added). In *Huskey v. State,* 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7, this Court construed § 7115(E) and § 7102(B)(6) and set out the elements of the offense of child abuse in violation of § 7115(E) by stating that:

No person may be convicted of sexual abuse of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

child, or force or require a child to look upon the body or private parts of another person or upon sexual acts performed in the presence of the child or force or require a child to touch or feel the body or private parts of said child or another person, upon conviction, shall be deemed guilty of a felony ...

9. Referring to 21 O.S. § 51.1a.

10. The Oklahoma Uniform Jury Instructions state the elements slightly differently, but the Committee Comments are instructive in their explanation that the fifth element is included

First, willful/malicious;

Second, causing/procuring/permitting;

Third, [injury, torture, maiming or use of unreasonable force]; OR [sexual abuse]; OR [sexual exploitation]; OR [other abuse or neglect];

Fourth, upon/to a child under the age of eighteen;

Fifth, *by a person responsible for the child's health or welfare.*

(Emphasis added.)[10] Thus, an essential element of the offense of child sexual abuse when charged under 10 O.S.Supp.2002, § 7115(E) is that the defendant must have been a person responsible for the child's health, safety, or welfare. Title 10 O.S.Supp. 2002, § 7102(B)(5) expressly defines the term "person responsible for a child's health, safety, or welfare" as including:

a parent; a legal guardian; a custodian; a foster parent; a person eighteen (18) years of age or older with whom the child's parent cohabitates or any other adult residing in the home of the child; an agent or employee of a public or private residential home, institution, facility or day treatment program as defined in Section 175.20 of this title; or an owner, operator, or employee of a child care facility as defined by Section 402 of this title.

¶ 25 Here, Cox complains that the record is devoid of any indication that he was the child's parent, legal guardian, custodian, foster parent, or that he was cohabitating with the child's mother. Moreover, Cox argues, he never referred to the incident as having occurred where he lived or resided, nor does the record provide any evidence that the alleged events occurred there.

[b]ecause of the limitation of the definition of sexual abuse in 10 O.S. Supp.2000, § 7102(B)(6) and (7) to "a person responsible for the child's health or safety." See also 10 O.S. Supp.2000, § 7102(A)(1)("It is the policy of this state to provide for the protection of children who have been abused or neglected and who may be further threatened by the conduct of persons responsible for the care and protection of such children.") OUJI–CR (2nd) 4–39.

¶ 26 The State does not respond to Cox's complaint about the sufficiency of the evidentiary basis for the relationship/responsibility element of the offense. The State argues only that the charging information set out the elements of the offense to include the words that "Kenneth James Cox was a person responsible for the child's health, safety or welfare," and that by answering yes to item twenty-four of the plea of guilty/summary of facts form which asked "[d]id you commit the acts as charged in the information?", Cox admitted the fact of the requisite relationship between himself and the victim sufficient to establish a factual basis for accepting the plea.

¶ 27 In support of its position, the State cites *Hagar v. State*, 1999 OK CR 35, 990 P.2d 894. In *Hagar*, this Court found a sufficient factual basis for the trial court's acceptance of a guilty plea in the defendant's statement on item twenty-four of the plea form that "I was in possession of CDS (meth)." *Hagar*, 1999 OK CR 35 at ¶ 5, 990 P.2d at 897. The *Hagar* approach would work to save the plea and conviction in the instant case, but for the fact that in *Hagar*, the defendant's simple statement that he "was in possession of CDS (meth)" was sufficient in itself to establish a factual basis to *all* the elements of the offense (i.e., that Hagar intentionally possessed a specific prohibited substance—methamphetamine).[11] Here, while Cox's statement on item twenty-four of the summary of facts form admitted to the act of permitting "AN [sic] Eigt YR OLD girl to Touch my PRIVATES" (O.R. at 15), this is an admission of only one of the several essential elements of the offense of sexual abuse as defined by §§ 7115(E), 7102(B)(5) and 7102(B)(6). As noted above, one of the several elements of an offense charged under 10 O.S.Supp.2002, § 7115(E) is that the defendant be in one of the expressly defined relationships with the child sufficient to cause the defendant to be a person responsible for the child's health, safety, or welfare. Nothing on the summary of facts form, nor at Cox's plea colloquy, nor his sentencing hearing indicate that Cox was in any way responsible for the child's health, safety, or welfare. Furthermore, that Cox may have been confused as to just what acts and facts he was pleading guilty to is evident from the summary of facts form at Item 8 where he circled the "No" response to the question "[d]o you understand the nature and consequences of this proceeding?" (O.R. at 13).

¶ 28 While a trial court is not required to have a defendant make a detailed statement in his own words concerning the commission of the offense to which he is pleading, *Hagar*, 1999 OK CR 35 at ¶ 4, 990 P.2d at 897, and may look to other sources to establish the factual basis for the plea, *Wester v. State*, 1988 OK CR 126, ¶ 4, 764 P.2d 884, 887 (opinion on rehearing), in this instance neither Cox's own statements nor any other evidence of record establishes the requisite relationship between Cox and the victim sufficient to support a conviction under § 7115(E). There may have been some type of relationship between Cox and the child (e.g., temporarily living in same household, temporary custodian, or even guardian), but there is no evidence in this record supporting the existence of such a relationship.[12]

¶ 29 When evaluating the validity of a guilty plea, this Court is concerned only with whether or not the plea was entered voluntarily and intelligently. *Hagar*, 1999 OK CR 35 at ¶ 4, 990 P.2d at 896. "The factual basis of the plea must be sufficient to provide a means by which the judge can test whether the plea is being entered intelligent-

11. The offense of possession of a controlled dangerous substance is codified at 63 O.S. § 2–402. According to OUJI–CR (2nd) 6–6, the elements of the offense are as follows:

No person may be convicted of possession of a controlled dangerous substance unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:
*First*, knowing and intentional;
*Second*, possession;
*Third*, of the controlled dangerous substance of [Name of Substance].

12. In the recently decided case of *Townsend v. State*, 2006 OK CR 39, ¶ 5, 144 P.3d 170, 172, we held that even a "babysitter" meets the definition of "person responsible" sufficient to support a charge of child abuse under 10 O.S. § 7115. We find nothing in the record indicating that Cox was even temporarily babysitting the victim.

ly." *Hagar*, 1999 OK CR 35 at ¶ 4, 990 P.2d at 897. Here, in the absence of any admission by Cox that he was responsible in any way for the victim's health, safety, or welfare, and in the absence of any other indication in the record of such a relationship, other than the bare recitation in the charging information that such a relationship existed, there is an insufficient factual basis supporting a key element of the offense to which Cox was purportedly pleading guilty. Without an admission of facts supporting this element, or some evidence of such facts elsewhere in the record, there was no way for the trial judge to conclude that Cox's plea was being entered intelligently with an understanding of the nature and consequences of his plea. *See Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712, (explaining that because guilty plea is admission of "*all*" elements of criminal charge, it cannot be truly voluntary unless defendant possesses understanding of law in relation to facts).

¶ 30 In short, at the time the district court was confronted with Cox's motion to withdraw his plea, the court had before it a record that: (1) lacked a factual basis for a key element of the charged offense; (2) contained a written notice by Cox that he did not understand the nature and consequences of the plea proceeding; and (3) contained statements made by Cox in open court indicating an unwillingness or inability to admit all the acts necessary to support a conviction on the charged offense. Accordingly, the record of the proceeding did not support a conclusion that Cox's guilty plea was knowingly entered. Under these circumstances, the trial court abused its discretion in denying Cox's motion to withdraw his guilty plea. *Cf. Zakszewski v. State*, 1987 OK CR 152, ¶ 8, 739 P.2d 544, 546 (finding abuse of discretion in denying defendant's motion to withdraw guilty plea by not inquiring further to ensure factual basis existed where defendant pled guilty but denied culpability).

## DECISION

¶ 31 The Petition for the Writ of *Certiorari* is **GRANTED**. The Judgment and Sentence is **VACATED**. The case is **REMANDED** with directions that Cox be permitted to withdraw his guilty plea and that the district court conduct further proceedings not inconsistent with this opinion.

¶ 32 Under Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18 App. (2005), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

CHAPEL, P.J., C. JOHNSON and LEWIS, JJ.: concur.

LUMPKIN, V.P.J. concur in results.