JOHN A. BRANNEN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 16341

February 20, 1986                                714 P.2d 175

*Patrick J. Mullen* and *Will G. Crocket,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,*
District Attorney, *Gary H. Hatlestad,* Deputy District Attorney,
Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A criminal complaint, filed on March 8, 1984, charged that
"during the summer months of 1980" John Brannen committed
the crime of lewdness with a child under the age of fourteen. NRS
201.230. A magistrate conducted a preliminary hearing and
ordered Brannen to stand trial. The state filed the information
charging the offense on April 5, 1984.

After a jury trial Brannen was convicted of the crime charged
and sentenced to five years in the Nevada State Prison. The trial
judge suspended the sentence and placed Brannen on probation.

On appeal Brannen contends that his conviction must be
reversed because the statute of limitations had run, and the
district court lacked subject matter jurisdiction over the appel-
lant, an issue which counsel did not raise at trial. We agree.

NRS 171.095(2) requires that prosecution for the offense of
lewdness with a child under fourteen be brought within three

years of commission of the crime.[1] The state failed to file its complaint against Brannen within the statutory period mandated by the legislature.

Brannen's prosecution under NRS 201.230 is therefore precluded by the statute of limitations.[2] *See* Melvin v. Sheriff, 92 Nev. 146, 546 P.2d 1294 (1976); Cherubini v. Sheriff, 92 Nev. 111, 54 P.2d 598 (1976).

Reversed.

---

[1]This appeal is governed by NRS 171.085 as it appeared in 1984. It provided as follows:

> 2. An indictment for any other felony than murder, theft, robbery, burglary, forgery, arson or sexual assault must be found, or an information or complaint filed, within 3 years after the commission of the offense.

[2]Respondent contends that the 1984 version of NRS 171.095 tolled the running of the statute of limitations; the state's arguments do not have merit and need not be discussed here.