OPINION ON PETITION FOR REHEARING
 

 Per Curiam:
 

 In a published opinion, we upheld appellant’s conviction on four counts of lewdness with a minor. Hubbard v. State, 110 Nev. 671, 877 P.2d 519 (1994). We concluded in that opinion that appellant had waived his contention that the statute of limitations barred prosecution of his offenses. Appellant challenges on rehearing our conclusion in that opinion that the waiver issue was a matter of first impression.
 

 PROCEDURAL BACKGROUND
 

 The district court convicted appellant pursuant to a guilty plea of four counts of lewdness with a minor. The district court sentenced appellant to serve four consecutive terms of ten years each in the Nevada State Prison. Appellant appealed from his conviction to this court. Appellant contended for the first time on appeal that the district court lacked jurisdiction to convict him of the crimes because the applicable three-year limitation period had run prior to his being charged with the crimes.
 

 We ruled that the limitation period was tolled under NRS 171.095 because appellant had committed the crimes in secret.
 
 Hubbard,
 
 110 Nev. at 676-77; 877 P.2d at 522. Although not necessary to our decision, we ruled further that appellant had waived the statute of limitations argument when he entered his guilty plea.
 
 Id.
 
 at 677, 877 P.2d at 522. We concluded that statutes of limitation are non-jurisdictional affirmative defenses which must be asserted in the district court or they are waived.
 
 Id.
 

 We stated in our Opinion that the waiver issue was a matter of “first impression” for this court. Appellant contends in his petition for rehearing that this statement is untrue and that our prior opinions establish that statutes of limitation are jurisdictional in criminal proceedings and cannot be waived.
 
 See
 
 
 *948
 
 Walstrom v. State, 104 Nev. 51, 752 P.2d 225 (1988); Brannen v. State, 102 Nev. 7, 714 P.2d 175 (1986); Melvin v. Sheriff, 92 Nev. 146, 546 P.2d 1294 (1976). We agree that we incorrectly concluded in our Opinion that the issue of whether the statute of limitation can be waived was a matter of first impression.
 

 DISCUSSION
 

 In prior decisions, we indicated that statutes of limitation are jurisdictional and that they may be raised as a bar to prosecution at any time.
 
 See
 
 Walstrom v. State, 104 Nev. 51, 752 P.2d 225 (1988); Brannen v. State, 102 Nev. 7, 714 P.2d 175 (1986); Melvin v. Sheriff, 92 Nev. 146, 546 P.2d 1294 (1976). In these cases, we did not consider the weight of authority in other jurisdictions that have addressed this issue. A majority of jurisdictions have concluded that statutes of limitation in criminal cases are non-jurisdictional, affirmative defenses which must be raised in the trial court or they are waived.
 
 See, e.g.,
 
 Acevedo-Ramos v. United States, 961 F.2d 305, 308-09 (1st Cir.),
 
 cert. denied,
 
 506 U.S. 905, 113 S. Ct. 299 (1992); United States v. DeTar, 832 F.2d 1110, 1114 (9th Cir. 1987); State v. Weimer, 533 N.W.2d 122, 132-33 (Neb. Ct. App. 1995); Longhibler v. State, 832 S.W.2d 908, 910 (Mo. 1992); People v. Dickson, 519 N.Y.S.2d 419, 421 (App. Div. 1987). A significant minority of courts conclude that statutes of limitation are jurisdictional and may be raised at any time.
 
 See, e.g.,
 
 Cox v. State, 585 So. 2d 182, 193 (Ala. Crim. App. 1991),
 
 cert. denied,
 
 503 U.S. 987, 112 S. Ct. 1676 (1992); People v. Morris, 756 P.2d 843, 849-50 & n.4 (Cal. 1988); State v. Short, 618 A.2d 316, 320 (N.J. 1993).
 

 After considering the merits of both approaches, we conclude that the best reasoned approach is to treat criminal statutes of limitation as non-jurisdictional, affirmative defenses. The failure to raise the statute of limitation in the trial court waives the defense. To the extent that our prior decisions are inconsistent with these conclusions, those decisions are overruled.
 
 [1]
 
 Because we have not altered the result of our prior Opinion in this matter, we deny appellant’s petition for rehearing and we uphold appellant’s convictions and sentences.
 

 [1]
 

 Because this matter overrules prior decisions, it establishes a new rule and thus applies prospectively only.
 
 See
 
 Franklin v. State, 98 Nev. 266, 269 n.2, 646 P.2d 543, 545 n.2 (1982).