## DANIEL JOHN BAILEY, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 40850

June 15, 2004                                        91 P.3d 596

*Michael R. Specchio,* Public Defender, and *John Reese Petty,* Chief Deputy Public Defender, Washoe County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Terrence P. McCarthy,* Deputy District Attorney, Washoe County, for Respondent.

Before BECKER, AGOSTI and GIBBONS, JJ.

## OPINION

*Per Curiam:*

Appellant Daniel Bailey contends his conviction for lewdness with a child under the age of fourteen is barred because the charge was brought after the running of the applicable statute of limitations. Bailey asserts the complaint or information was not filed within three years of the discovery of the offense as provided by NRS 171.095(1)(a). We disagree and conclude that

NRS 171.095(1)(b) is the applicable statute because lewdness with a minor is an offense constituting sexual abuse of a child under NRS 432B.100. Accordingly, where child victims discover or reasonably should have discovered they were the victims of sexual abuse, an information or complaint may be filed any time before the child victim of the abuse reaches the age of twenty-one. Because the victim in the instant case was under twenty-one when the complaint was filed, the offense was not barred by the statute of limitations and Bailey's conviction is affirmed.

## FACTS

Bailey committed a lewd act with a six-year-old female child sometime between January 1, 1995, and January 1, 1996. In June 1996, the child reported the incident to her mother, however, the mother never informed anyone else of the incident. Several years later, in October 2001, while talking to a school counselor, the child again reported the incident. The counselor notified the proper authorities and, after investigation, Bailey was charged with lewdness with a child under the age of fourteen.

The initial complaint was filed on May 8, 2002, and the information was filed on June 6, 2002. Bailey pleaded guilty to the charge, but he reserved the right to argue for dismissal of the case based on the running of the statute of limitations and to appeal any adverse ruling to this court. Bailey filed a motion to dismiss the complaint alleging that the complaint should have been filed within three years of the date the child reported the incident to her mother, that is before June 1999, citing to NRS 171.095(1)(a). The State responded by arguing that the charge could be brought any time before the victim reached age twenty-one pursuant to NRS 171.095(1)(b).

The district court found: (1) the offense was committed in a secret manner; (2) the offense is subject to the extended statute of limitations for crimes constituting sexual abuse pursuant to NRS 171.095(1)(b) and NRS 432B.100; and (3) in this case, the extended statute of limitations runs until the victim reaches twenty-one years old since the victim was aware of the sexual abuse. Accordingly, the district court found that the State filed the criminal information within the applicable statute of limitations. Bailey timely appealed.

## DISCUSSION

Questions of law are reviewed de novo.[1] "This court has consistently held that with respect to limitation periods and tolling

[1]*Associated Bldrs. v. So. Nev. Water Auth.*, 115 Nev. 151, 156, 979 P.2d 224, 227 (1999) (citing *SIIS v. United Exposition Services Co.*, 109 Nev. 28, 30, 846 P.2d 294, 295 (1993)).

statutes, the statutes in effect at the time of the offense control."[2] Therefore, the relevant statutes in this matter are those that were in effect from January 1, 1995, to January 1, 1996. In 1995, NRS 201.230 provided that lewdness with a child under the age of fourteen was a felony.[3] NRS 171.085 (1995) states that, except as provided in NRS 171.095, the State has three years from the commission of the crime to file a charging document.

NRS 171.095 (1995) provides in pertinent part:

> 1. Except as provided in subsection 2:
>
> (a) If a felony . . . is committed in a secret manner, an indictment for the offense must be found, or an information or complaint filed, within the periods of limitation prescribed in NRS 171.085 and 171.090 after the discovery of the offense unless a longer period is allowed by paragraph (b).
>
> (b) An indictment must be found, or an information or complaint filed, for any offense constituting sexual abuse of a child, as defined in NRS 432B.100, before the victim of the sexual abuse is:
>
> (1) Twenty-one years old if he discovers or reasonably should have discovered that he was a victim of the sexual abuse by the date on which he reaches that age; or
>
> (2) Twenty-eight years old if he does not discover and reasonably should not have discovered that he was a victim of the sexual abuse by the date on which he reaches 21 years of age.

Bailey argues that NRS 171.085 and NRS 171.095(1)(a) govern this case, causing the statute of limitations to run in June 1999, three years after the mother discovered the abuse. Since Bailey was not charged until May 8, 2002, he argues the action was barred by the statute of limitations. Bailey cites this court's recent decision in *State v. Quinn*[4] to support his argument. In *Quinn,* this court clarified "what constitutes 'discovery' of a sexual crime against a child 'committed in a secret manner' for purposes of triggering the criminal statute of limitations contained at NRS 171.095(1)(a)."[5]

However, *Quinn* differs significantly from this case, as the crime of which Quinn was convicted, indecent exposure, was not included among those offenses constituting sexual abuse under NRS 432B.100.[6] Therefore, NRS 171.095(1)(b) was not applicable in

---

[2]*State v. Quinn,* 117 Nev. 709, 712, 30 P.3d 1117, 1119 (2001).

[3]NRS 201.230 was amended, effective October 1, 1995, changing the punishment for a violation of the statute. Bailey's sentence is in accordance with both versions of this statute.

[4]117 Nev. 709, 30 P.3d 1117.

[5]*Id.* at 710, 30 P.3d at 1118.

[6]*See id.* at 712, 30 P.3d at 1119-20.

*Quinn.* On the other hand, the offense of which Bailey was convicted, lewdness with a child under the age of fourteen pursuant to NRS 201.230, is an offense constituting sexual abuse under NRS 432B.100. Therefore, NRS 171.095(1)(b) applies.

Bailey contends, without citation, that NRS 171.095(1)(b) is not applicable because it only extends the statute of limitations for secret offenses not discovered within the general three-year statute of limitations. Bailey argues that since the victim in this case was aware of the abuse and the mother discovered the abuse shortly after it occurred, it was no longer a secret offense and NRS 171.095(1)(b) does not apply.

We conclude that Bailey's argument is without merit. ''If the words of the statute have a definite and ordinary meaning, this court will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended.''[7] NRS 171.095(1)(b)(1), unlike NRS 171.095(1)(a), does not contain any language limiting its application to offenses committed in a secret manner. The plain language of the statute indicates that, regardless of when the crime was discovered, the State may file a charging document up to the time the child victim reaches age twenty-one.[8]

NRS 171.085 specifically states that its statute of limitations of three years is subject to the longer periods provided for in NRS 171.095. Additionally, NRS 171.095(1)(a) provides that it is subject to paragraph (b). Therefore, where NRS 171.095(1)(b) applies, the time periods provided for in NRS 171.095(1)(a) and NRS 171.085 are inapplicable.

The offense for which Bailey is charged is included in the definition of sexual abuse of a child under NRS 432B.100. Accordingly, NRS 171.095(1)(b) applies to this case. The victim knew of the abuse because she reported it to her mother. Therefore NRS 171.095(1)(b)(1) controls. The victim was born in June 1989. Thus, the State had until June 2010 to file a charging document. Since the State filed the complaint on May 8, 2002, Bailey was appropriately charged before the statute of limitations ran under NRS 171.095(1)(b)(1). Therefore, we affirm the judgment of conviction.

---

[7]*Id.* at 713, 30 P.3d at 1120.

[8]If the child victim does not discover or reasonably should not have discovered the sexual abuse until after the child reached age twenty-one, the statute of limitations is extended until the victim's twenty-eighth birthday. *See* NRS 171.095(1)(b)(2).