An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM CRAWFORD, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66892



**FILED**

NOV 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts each of involuntary servitude, pandering, pandering: furnishing transportation, and living from the earnings of a prostitute, and one count each of battery, battery with use of a deadly weapon, battery resulting in substantial bodily harm, and aggravated stalking. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant William Crawford, Jr., contends that the State was barred pursuant to NRS 174.085(5)(a) from seeking an indictment against him. Crawford's argument is without merit. NRS 174.085(5)(a) bars the State from voluntarily dismissing a criminal complaint *without* prejudice where the State has previously voluntarily dismissed a complaint. Here, the second dismissal was sought by Crawford, not the State, such that the dismissal was not with prejudice pursuant to NRS 174.085(5)(a). Further, Crawford's appendix is devoid of any evidence suggesting either the basis for the justice court's granting of Crawford's motion to dismiss the second complaint or that the second complaint was dismissed with prejudice. *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686,

15-34621

688 (1980) ("The burden to make a proper appellate record rests on appellant.").[1]

Second, Crawford contends that counts one through four and "very arguably" count five were outside the applicable statutes of limitations. That a charge is outside the statute of limitations is a non-jurisdictional, affirmative defense that is waived if not raised in the trial court. *Hubbard v. State*, 112 Nev. 946, 948, 920 P.2d 991, 993 (1996). By not raising the defense below, Crawford waived it, and we do not consider his arguments on appeal. To the extent he contends that his due process rights were violated by the presentation of evidence regarding events that occurred outside the statute of limitations, Crawford has cited no relevant authority nor made any cogent argument in support of his contention, and we therefore do not reach his claim. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Third, Crawford contends that the district court erred in denying his objection to the presentence investigation report (PSI). "A defendant's PSI must not include information based on impalpable or highly suspect evidence," *Sasser v. State*, 130 Nev., Adv. Op. 41, 324 P.3d 1221, 1224 (2014) (internal quotations omitted), and we review the district court's decision for an abuse of discretion, *id.* at 1225. At sentencing, Crawford challenged the PSI's characterization of him as a gang member. In response, the State presented field interview cards and reports, which

---

[1]In its fast track response, the State requests that this court strike the justice court documents Crawford supplied in support of his claim, because they are outside of the district court's record. We reject the State's request because such relief must be sought by filing a separate motion. *See* NRAP 27(a)(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the district court ordered attached to the PSI. In light of the evidence presented by the State as reflected in the sentencing transcript and Crawford's failure to provide this court with either the PSI or the evidence produced by the State, Crawford has not demonstrated that his sentence was based on impalpable or highly suspect evidence, *see id.* at 1225 and n.8 (noting that materials missing from the record on appeal "are presumed to support the district court's decision" (quotations omitted)), and we conclude that the district court did not abuse its discretion in not amending the PSI.

Fourth, Crawford contends that the district court abused its discretion when it failed to sentence him individually and imposed a cruel and unusual sentence, in violation of his rights under the Eighth and Fourteenth Amendment to the U.S. Constitution. Crawford's arguments are without merit. "Regardless of its severity, a sentence that is within the statutory limits is not cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Chavez v. State,* 125 Nev. 328, 348, 213 P.3d 476, 489 (2009). Crawford's sentence is within the statutory limits, *see* NRS 193.130; NRS 200.463(2)(b); NRS 200.481(2); NRS 200.575(2); NRS 201.320; 1997 Nev. Stat., ch. 137, §§ 2, 4, at 295-97, he does not allege that those statutes are unconstitutional; and his sentence to an aggregate of 16.5 to 53.5 years is not unreasonably disproportionate to his crimes in which he "treated [his victims] as [if he] owned them" and where one of the victims was hospitalized after he beat her so severely that he ruptured her spleen. Further, in light of his crimes and the impact he had on his victims,

Crawford's claim that he had "no significant criminal history"[2] fails to demonstrate that the district court denied him the individualized sentencing to which he was entitled. *See Martinez v. State*, 114 Nev. 735, 737, 961 P.2d 143, 145 (1998)

Finally, Crawford contends that the jury was not properly instructed on pandering and that his convictions should therefore be reversed. Crawford did not object to the jury instructions below, so we review for plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003). Pandering is a specific-intent crime, and this court has reversed a pandering conviction under plain error review for the failure to instruct the jury on specific intent. *See Ford v. State*, 127 Nev. 608, 613-14, 262 P.3d 1123, 1126-27 (2011). Crawford's jury was not instructed on the specific intent element, but while Crawford has demonstrated error, he has not shown that the error affected his substantial rights by causing "actual prejudice or a miscarriage of justice." *Green*, 119 Nev. at 545, 80 P.3d at 95. The evidence reveals that Crawford discussed with the victims that they would be working for him as prostitutes, took the victims to the Las Vegas strip at least five days a week to work as prostitutes, provided them with cell phones only while they were working and required them to call him approximately every hour, took all the victims' profits from prostitution, threatened one victim and her family if she ever left, and beat the other victim when she gambled all of her money instead of bringing it back to him. That evidence shows that Crawford specifically intended to induce the victims to become or remain prostitutes, and we are

---

[2]Crawford again fails to provide evidence in his appendix in support of this claim. *See Greene*, 96 Nev. at 558, 612 P.2d at 688.

confident that the jury would have convicted him had a proper instruction been given. *See id.* at 548, 80 P.3d at 97 (concluding that instructional error did not affect defendant's substantial rights where the result of trial would have been the same if the jury had been properly instructed).

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Michael Villani, District Judge
       Law Offices of Martin Hart, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk