# IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD E. MCCALLISTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68445

FILED

FEB 17 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order denying appellant Donald E. McCallister's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. McCallister argues that the district court erred in rejecting his claims that he received ineffective assistance from his trial counsel. We affirm in part and reverse in part.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). "[T]rial counsel's strategic or tactical decisions will be virtually

unchallengeable absent extraordinary circumstances." *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted).

McCallister first argues that trial counsel should have asserted a statute-of-limitations defense. We agree with the district court that McCallister did not demonstrate deficient performance as to the charges of sexual assault of a minor under 14 years of age because there was no viable statute-of-limitations defense to those charges based on NRS 171.095(1) (1993)[1] and NRS 171.083(1). *See also State v. Quinn*, 117 Nev. 709, 715-16, 30 P.3d 1117, 1121-22 (2001) (discussing "discovery" for purposes of NRS 171.095(1)(a)); *Winstrom v. State*, 104 Nev. 51, 56, 752 P.2d 225, 228 (1998) (discussing when sex offense involving a minor is committed in a "secret manner"), *overruled on other grounds by Hubbard v. State*, 112 Nev. 946, 920 P.2d 991 (1996). In particular, we agree that the victim filed a police report within the meaning of NRS 171.083(1) in November 2006 and, as a result, that statute removed the limitations period for commencing a prosecution on the sexual assault charges.[2] We disagree, however, with the district court's assessment of this ineffective-assistance claim as to the charges of lewdness with a child under 14 years of age because NRS 171.083(1) is limited to "sexual assault" and thus did

---

[1]At all pertinent times in these proceedings, NRS 171.095(1) applied as amended in 1993. *See* 1993 Nev. Stat., ch. 177, § 1, at 305-06; *Bailey v. State*, 120 Nev. 406, 407-08, 91 P.3d 596, 597 (2004) (explaining that limitations period is that in effect at the time of the offense).

[2]We note that NRS 171.083 applied to each count of sexual assault because the Legislature expressly intended the statute to apply to sexual assaults committed before its effective date where the statute of limitations had not yet run. 1997 Nev. Stat., ch. 248, § 4, at 891; *see State v. Merolla*, 100 Nev. 461, 464, 686 P.2d 244, 246 (1984).

not remove the limitations period for commencing a prosecution on the lewdness charges. *See Bailey*, 120 Nev. at 409, 91 P.3d at 598 (reviewing statute for its plain language where words have an ordinary meaning); *cf.* NRS 171.095(1)(b) (referring to "any offense constituting sexual abuse of a child, as defined in NRS 432B.100," which includes lewdness). It further appears that the prosecution for the lewdness charges was not commenced within the applicable limitation period even considering the longest period afforded by NRS 171.095. Although we acknowledge that it is unlikely that counsel could have had a sound strategic reason for failing to raise a statute-of-limitations defense to the lewdness charges, *see People v. Harris*, 43 N.E.3d 750, 753 (N.Y. 2015) (holding "there could have been no strategic purpose for failing to raise the statute of limitations as against the time-barred charge"); ABA Criminal Justice Standards for the Defense Function, 4-5.1(b) (4th ed. 2015), we conclude that an evidentiary hearing is necessary for a final determination as to whether counsel's performance fell below an objective standard of reasonableness.[3]

Second, McCallister argues that trial counsel should have called his supervisor to testify as to his good character, his virtues as an employee, and that other teachers had hosted students overnight. McCallister has not shown deficient performance because other witnesses testified to the same matters and therefore the supervisor's testimony

---

[3]The deficiency prong is crucial here because it is clear that, if counsel's performance was deficient, McCallister can demonstrate prejudice with respect to the lewdness convictions—a successful statute-of-limitations defense would have barred a trial on the lewdness charges. We do not believe, however, that McCallister can demonstrate prejudice as to the sexual assault convictions had trial counsel successfully precluded a trial on the lewdness charges.

would have been cumulative. *See Elam v. Denney*, 662 F.3d 1059, 1065 (8th Cir. 2011) (observing that the "failure to present cumulative evidence does not constitute ineffective assistance of counsel") (quotation marks omitted); *Lara*, 120 Nev. at 180, 87 P.3d at 530. We therefore conclude that the district court did not err in denying this claim.

Third, McCallister argues that trial counsel should have objected to the State's questions during jury selection. Because McCallister has not demonstrated that the State's inquiries were improper or argued that any of the impaneled jurors were not impartial, *see Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that defendant is not entitled to relief from limitation of voir dire if impaneled jury is impartial), he has not shown that counsel's performance was deficient or that any objection would have led to a reasonable probability of a different outcome at trial. We therefore conclude that the district court did not err in denying this claim.

Fourth, McCallister argues that trial counsel should have withdrawn due to counsel's preexisting brain injury and prosecution as the target of a tax investigation. McCallister has not identified and the record does not indicate any effect that counsel's personal issues had on his performance in this matter, and thus McCallister has not shown deficient performance or prejudice. We therefore conclude that the district court did not err in denying this claim.

Fifth, McCallister argues that trial counsel should not have introduced evidence of an uncharged act of sexual assault. Based on counsel's opening statement at trial, it is clear that the strategy behind introducing this evidence was to impeach the victim's credibility. As the State's case relied heavily on the victim's credibility, McCallister has not

demonstrated that counsel's strategy to impeach the victim's credibility fell below an objective standard of reasonableness. *See Vaca v. State*, 314 S.W.3d 331, 335 (Mo. 2010) (holding counsel was not ineffective in introducing evidence of uncharged misconduct as trial strategy); *State v. Bedell*, 322 P.3d 697, 703-04 (Utah 2014) (same); *see also* Lara, 120 Nev. at 180, 87 P.3d at 530. We therefore conclude that the district court did not err in denying this claim.

Sixth, McCallister argues that trial counsel did not adequately cross-examine the victim. McCallister has not demonstrated that counsel's strategy in cross-examination fell below an objective standard of reasonableness, *see* Lara, 120 Nev. at 180, 87 P.3d at 530, or argued prejudice. We therefore conclude that the district court did not err in denying this claim.

Seventh, McCallister argues that trial counsel should have objected to testimony by the school psychologist and another teacher as to whether either had hosted a student overnight on the ground that it was improper expert testimony. These witnesses testified based on their own perceived experiences, not based on scientific, technical or other specialized knowledge. They therefore testified as lay witnesses, not as expert witness. *Compare* NRS 50.265 *with* NRS 50.275. As the testimony was admissible, counsel was not deficient in failing to raise a futile objection. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). We therefore conclude that the district court did not err in denying this claim.

Eighth, McCallister argues that trial counsel failed to adequately prepare him to testify, leading to his impeachment with prior inconsistent statements. Counsel cannot be deemed "ineffective merely

because his client was unable to adhere to a consistent version of the facts." *Commonwealth v. Hill*, 301 A.2d 587, 591 (Pa. 1973). The decision to testify lies with the accused, *Lara*, 120 Nev. at 182, 87 P.3d at 531, and McCallister does not show that counsel's preparation was so deficient that it deprived him "of the ability to choose whether to testify on his own behalf," *see Beasley v. State*, 18 So. 3d 473, 496 (Fla. 2009). Further, McCallister fails to argue prejudice. We conclude that the district court did not err in denying this claim.

Ninth, McCallister argues that trial counsel conducted a "rambling" opening statement. The record belies this claim, as counsel's opening statement coherently set forth the defense theory that the victim's allegations were not credible. McCallister offers no authority or further development for this bare claim and has failed to show either deficient performance or prejudice. We therefore conclude that the district court did not err in denying this claim.

Tenth, McCallister argues that cumulative error warrants relief. While it is unclear whether multiple deficiencies in counsel's performance may be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), McCallister has identified only one deficiency, for which a remand is warranted. One instance of deficient performance cannot be cumulated.

Lastly, McCallister argues that he was entitled to an evidentiary hearing on his claims. Aside from the ineffective-assistance claim related to the statute-of-limitations defense to the lewdness charges, McCallister has failed to support his claims with specific factual allegations that, if true, would entitle him to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We therefore conclude that

SUPREME COURT
OF
NEVADA

(O) 1947A

6

the district court did not err in denying the other claims without conducting an evidentiary hearing.

Having considered McCallister's contentions and concluded that his ineffective-assistance claim regarding the statute-of-limitations defense to the charges of lewdness with a child under 14 years of age warrants an evidentiary hearing and that the remainder of his claims lack merit, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
     Paternoster Law Group
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk