# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL E. JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72401

**FILED**

JUL 1 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit extortion by public officer or employee, extortion by public officer or employee, conspiracy to commit asking or receiving bribe by public officer, asking or receiving bribe by public officer, misconduct of a public officer, conspiracy to commit money laundering, and 44 counts of money laundering. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Michael Johnson was the chief hydrologist for Virgin Valley Water District (VVWD), a political subdivision of the State of Nevada. As VVWD's chief hydrologist, one of Johnson's duties was to secure additional water rights for VVWD. While employed by VVWD, Johnson also engaged in private consulting work regarding water rights. He provided private consulting services to John Lonetti, a landowner in Mesquite, Nevada. After helping Lonetti obtain a permit for additional water rights, Johnson orchestrated a sale and trade of those water rights between Lonetti, VVWD, and the Southern Nevada Water Authority (SNWA), for a substantial sum of money. Specifically, Johnson convinced SNWA that if it purchased two of Lonetti's permits, including the one Johnson helped him obtain, Johnson would have VVWD trade some of its pre-1929 water rights to SNWA in exchange for SNWA handing over the one of Lonetti's permits

19-30563

to VVWD. As a result, the State charged Johnson with multiple crimes. Johnson was tried with co-defendant Robert Coache, who works for the State Engineer. Johnson now appeals from the ensuing judgment of conviction, arguing that there was insufficient evidence to support his convictions, that his convictions are barred by the statute of limitations, and that the district court should have given one of his proposed jury instructions.

## DISCUSSION

*There was insufficient evidence to support the convictions for conspiracy, misconduct of a public officer, and 20 counts of money laundering*

Johnson argues that there was insufficient evidence to support his convictions. "The standard of review [when analyzing the sufficiency of evidence] in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Nolan v. State,* 122 Nev. 363, 377, 132 P.3d 564, 573 (2006) (alteration in original, internal quotation marks omitted). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Id.* (internal quotation marks omitted). "Moreover, a jury may reasonably rely upon circumstantial evidence . . . ." *Wilkins v. State*, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980).

### *Conspiracy*

Johnson contends that there was not sufficient evidence to convict him of conspiracy. Having reviewed the record, we agree that the evidence is not sufficient for a rational juror to reasonably infer that Johnson and Coache conspired to commit extortion by public officer or employee, asking or receiving a bribe by a public officer, or money laundering. *See* NRS 199.430(3) (providing that conspiracy is an agreement

between "two or more persons . . . [t]o accomplish any criminal or unlawful purpose, or to accomplish a purpose, not in itself criminal or unlawful, by criminal or unlawful means"); *Rowland v. State*, 118 Nev. 31, 46, 39 P.3d 114, 123 (2002) ("[C]onspiracy is usually established by inference from the conduct of the parties."); *Garner v. State*, 116 Nev. 770, 780, 6 P.3d 1013, 1020 (2000) ("Evidence of a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement and support a conspiracy conviction."), *overruled on other grounds by Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). We therefore reverse the convictions for counts 1, 3, and 7. Because some of Johnson's convictions for the money laundering counts related to Coache's financial transactions are based on co-conspirator liability (counts 7, 9, 11, 12, 13, 14, 17, 19, 20, 21, 22, 23, 24, 40, 45, 46, 47, 48, 49, 50), we must also reverse those convictions.

### Misconduct of a public officer

Johnson argues that the conviction for misconduct by a public officer (count 5) is infirm because the State presented no evidence that VVWD's water rights were under his control. Misconduct by a public officer occurs when a public officer uses "property under [his] official control or direction, or in [his] official custody, for [his] private benefit or gain." NRS 197.110(2). Although Johnson's official duties for VVWD helped him orchestrate the permit sale and swap, he had no official control over VVWD's water rights. Control to do so was vested in VVWD's Board of Directors, not Johnson. Accordingly, we reverse the conviction for count 5.

*There was sufficient evidence to support the convictions for extortion and bribery*

### Extortion

Johnson argues that he did not provide any services to Lonetti in his official capacity with VVWD, and that VVWD knew he was representing Lonetti in the transactions at issue. Thus, he could not have committed extortion because he did not receive a fee for official service or employment. We disagree.

Extortion exists when "[a] public officer or employee . . . receives or agrees to receive a fee or other compensation for official service or employment . . . [w]here a fee or compensation is not allowed by statute." NRS 197.170. Based on the evidence presented, a rational juror could reasonably infer that Johnson received a fee that was not authorized by statute to facilitate the sale of Lonetti's permits by virtue of an act in his official capacity or under the color of his office. In particular, VVWD was not aware that Johnson was receiving compensation—outside of the compensation through his employment with VVWD—for performing duties that were within his job. This is largely because Johnson did not disclose his personal interest in the permits to VVWD when orchestrating the permit sale and swap. As chief hydrologist for VVWD, Johnson's professional capacity entailed obtaining water rights for VVWD, and here, he was compensated through the consulting agreement, in addition to compensation he was paid through VVWD, for orchestrating the permit sale and swap. Further, even if securing water resources for VVWD was not technically within Johnson's official duties, he still used his official capacity and color of his office with VVWD to orchestrate that deal. Accordingly, we affirm the conviction for extortion (count 2).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Asking for or receiving a bribe*

Johnson argues that there was not sufficient evidence to convict him of asking for or receiving a bribe. The State argues that Johnson facilitated a sale of Lonetti's water permits while performing official duties, received compensation for it, and thus is guilty of asking for or receiving a bribe. We agree.

In Nevada:

> [A] person employed by . . . the State . . . who asks or receives, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or other official proceeding will be influenced thereby . . . is guilty of [bribery].

NRS 197.040. Here, Johnson received compensation from the Lonetti/VVWD/SNWA permit sale and swap through his consulting agreement with Lonetti. He orchestrated that trade through his official capacity as the hydrologist for VVWD, and a reasonable jury could find that he was influenced to do so because of the financial gain he received from the consulting agreement with Lonetti. Again, Johnson never advised VVWD that he had a financial stake in the Lonetti/VVWD/SNWA permit sale and swap, which supports an inference that he took the money for improper influence. This is sufficient evidence for a rational juror to conclude that the money Johnson would obtain through the consulting agreement for VVWD and SNWA's acquisition of the permits influenced him to take action in his professional capacity with VVWD. Accordingly, we conclude that a reasonable jury could find the essential elements of bribery.

*Money Laundering*

Johnson contends that he cannot be convicted of money laundering because the money at issue was not derived from an illegal

SUPREME COURT
OF
NEVADA

(O) 1947A

activity. Additionally, he contends that even if what he did was illegal, he did not know it was, and the money laundering statute requires such knowledge. We disagree and conclude that there was sufficient evidence for a rational juror to find Johnson guilty of money laundering beyond a reasonable doubt.

If a monetary instrument is directly or indirectly derived from an unlawful activity, it is unlawful for a person, having knowledge of that fact, to conduct or attempt to conduct a financial transaction with the intent to further the unlawful activity. 1995 Nev. Stat., ch 261, § 4 at 430. "Unlawful activity" under Nevada's money laundering statute "includes any crime . . . punishable as a felony pursuant to state or federal statute." NRS 207.195(5)(c). Here, Johnson was convicted of multiple felonies in connection with acquisition of a water permit that he then sold and orchestrated a trade deal with, for money. Following the sale and swap—that he orchestrated—Johnson began to move around and disperse that money to various accounts and family members. A rational juror could have found those financial transactions were to conceal the location, or conceal the source of the money—the source being the underlying scheme for bribery and extortion. Given Johnson's actions—that he initiated the consulting arrangement with Lonetti, orchestrated the permit sale and swap, then did not disclose his interest in the transaction to his employer—a reasonable jury could conclude that Johnson knew he was concealing the proceeds from the permit sale and swap because he knew that they were the result of an unlawful activity. Thus, we affirm the money laundering counts 8, 10, 15, 16, 18, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, and 51.

*Johnson's convictions do not violate double jeopardy*

Johnson argues that his convictions for asking or receiving a bribe and extortion violate double jeopardy because the jury likely relied upon the same theory and facts for both convictions. The State, however, notes that a same conduct does not guide double jeopardy analysis; rather, the focus is on the elements of the offenses. We agree with the State and conclude that asking or receiving a bribe and extortion are not the same offense for purposes of the Double Jeopardy Clause.

"A claim that a conviction violates the Double Jeopardy Clause generally is subject to de novo review on appeal." *Davidson v. State*, 124 Nev. 892, 896, 192 P.3d 1185, 1189 (2008). Absent legislative direction expressly authorizing or prohibiting cumulative punishment, courts use the elements test outlined in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether the Legislature intended to punish the same conduct under two different criminal statutes. *Jackson v. State*, 128 Nev. 598, 611, 291 P.3d 1274, 1282 (2012). "The *Blockburger* test inquires whether each offense contains an element not contained in the other; if not, they are the 'same offen[s]e . . . .'" *Jackson*, 128 Nev. at 604, 291 P.3d at 1278 (internal quotation marks omitted).

We conclude that Johnson's convictions for asking or receiving a bribe and extortion do not violate double jeopardy. Although the two statutes punish similar conduct, there are elements of each crime that are distinct from the other. Extortion requires that the compensation is not allowed by statute, whereas asking or receiving a bribe does not, and asking or receiving a bribe requires an agreement or understanding that some official proceeding will be influenced by the compensation, whereas extortion does not. *Compare* NRS 197.040 (elements of asking or receiving

a bribe), *with* NRS 197.170 (elements of extortion). Accordingly, Johnson's convictions for both crimes does not violate double jeopardy.

*Johnson's convictions are not barred by the statute of limitations*

Johnson argues that, even though he did not raise a statute of limitations argument in the trial court, this court should vacate the judgment of conviction because the statute of limitations expired before the State charged him. He further argues that this court should overrule *Hubbard v. State*, 112 Nev. 946, 948, 920 P.2d 991, 993 (1996), which holds that the statute of limitations is a waivable, affirmative defense, because *Hubbard* "conflicts" with *State v. Haberstroh*, 119 Nev. 173, 180, 69 P.3d 676, 681 (2003). We disagree.

*Haberstroh* addressed the statutory procedural defaults that apply to postconviction habeas petitions and whether the parties can stipulate to disregard those provisions. 119 Nev. at 180-81, 69 P.3d at 681-82. It thus considered statutory provisions and pleading requirements that are unique to postconviction habeas petitions, saying nothing about the statute of limitations for filing a criminal charge and whether it is a waivable, affirmative defense. *Id.* Consistent with *Hubbard*, we conclude that Johnson waived his statute of limitations defense when he failed to raise it in the trial court.

*The district court did not abuse its discretion in denying Johnson's proposed jury instruction*

Johnson argues that the district court violated due process by not instructing the jury that parties to a contract may modify the terms through a course of conduct. We review a district court's decision to "give or not give" a jury instruction under the abuse of discretion standard. *Mathews v. State*, 134 Nev., Adv. Op. 63, 424 P.3d 634, 639 (2018). Here, the proposed instruction misstated the law because Johnson's employment

contract with VVWD could only be modified by a vote of a majority of VVWD's board, not merely by the parties' conduct. 1993 Nev. ALS 100 sec. 9(1)(f) & (2); *see also Tucker v. Virginia City*, 4 Nev. 20, 26 (1868) ("[M]unicipal corporations have no powers but those which are delegated to them by the charter or law creating them."); *Orion Portfolio Servs. 2, LLC v. County of Clark ex rel Univ. Med. Ctr.*, 126 Nev. 397, 407, 245 P.3d 527, 533 (2010) (holding that a contract was void "because the local government exceeded its authority and was not authorized to make such a contract"). Accordingly, the proposed jury instruction was incorrect, and the district court did not abuse its discretion in not allowing it. *See Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002) ("[A] district court must not instruct a jury on theories that misstate the applicable law.").

Having concluded that the State did not present sufficient evidence to support the convictions for conspiracy (counts 1, 3 and 7), misconduct of a public officer (count 5), and counts 7, 9, 11, 12, 13, 14, 17, 19, 20, 21, 22, 23, 24, 40, 45, 46, 47, 48, 49, and 50 for money laundering, we reverse those convictions. We affirm the remaining convictions as they are supported by sufficient evidence and Johnson's other attacks on them lack merit. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A

GIBBONS, C.J., concurring in part and dissenting in part:

I agree with the majority's reversal of the convictions for conspiracy, misconduct of a public officer, and the money laundering counts stemming from Coache's conduct. However, I would reverse the remaining convictions as well. There was not sufficient evidence for a rational juror to conclude that Johnson was guilty of the remaining offenses beyond a reasonable doubt.

_____, C.J.
Gibbons

cc: Hon. Richard Scotti, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk