IN THE SUPREME COURT OF THE STATE OF NEVADA

RUSS HAGH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77863

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury trial, of attempted murder with the use of a deadly weapon, domestic battery with the use of a deadly weapon causing substantial bodily harm, and assault with a deadly weapon. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.[1]

Appellant Russ Hagh shot his brother-in-law in the hip after saying "I kill you." He then pointed the gun at his nephew, who successfully disarmed Hagh following a brief struggle. A jury convicted Hagh of attempted murder and battery for shooting his brother-in-law and assault against his nephew. The district court sentenced Hagh to an aggregate term of 84 to 300 months.

Hagh argues that the district court abused its discretion in excluding evidence of the preliminary breath test showing his blood-alcohol level shortly after the shooting. NRS 484C.150(3) provides that "[t]he result of the preliminary test must not be used in any criminal action, except to show there were reasonable grounds to make an arrest." The plain language of NRS 484C.150(3) provides that the breath test was inadmissible here, as the basis for Hagh's arrest was not at issue. *See Bailey*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41503

v. *State*, 120 Nev 406, 409, 91 P.3d 596, 598 (2004) (providing that a court will not look beyond a statute's plain language where it has a definite and ordinary meaning). The district court therefore did not abuse its discretion in excluding evidence of the breath test. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("review[ing] a district court's decision to admit or exclude evidence for an abuse of discretion").

Hagh next argues that the district court abused its discretion in excluding the defense expert on the basis of the expert's report without calling her to testify regarding her anticipated testimony. We review a district court's exclusion of a defense expert for abuse of discretion. *Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008). A qualified expert may testify only when the anticipated testimony is the product of reliable methodology and relevant. *Id.* at 500, 189 P.3d at 651. After considering the defense proffer, the district court concluded that Hagh's expert's anticipated testimony was not the product of reliable methodology.[2] Hagh does not dispute the court's conclusion that the methodology was not reliable; instead relies on *Mathews v. State*, 134 Nev. 512, 424 P.3d 634 (2018), to contend that the district court had to call the expert before excluding her testimony. While the district court in *Mathews* heard the contested expert's testimony, *Mathews* does not set forth an evidentiary procedure that the district court must follow in assessing the

---

[2]The district court found that the expert evaluated Hagh's intent at the time of the offense on the basis of Hagh's self-assessment in an interview 14 months later, the police reports, and the preliminary hearing transcript, noting that the breath test was not available to be used. It concluded that Hagh did not show that this analysis had been approved by the scientific community, was testable or repeatable, within the expert's field of expertise, or based more on particularized facts than assumption or generalization. *Cf. Hallmark*, 124 Nev. at 500-01, 189 P.3d at 651-52 (discussing considerations for determining reliable methodology).

*Hallmark* factors in a pretrial hearing and thus does not specifically require calling a proffered expert to testify. *See id.* at 514-16, 424 P.3d at 637-39 (reviewing district court's exclusion of a proffered expert in light of *Hallmark* without opining on the specific procedure the district court must follow in exercising its discretion); *cf. Brant v. State*, 130 Nev. 980, 985, 987-88, 340 P.3d 576, 580, 582 (2014) (concluding that the district court did not abuse its discretion in excluding defense expert testimony following a hearing where the expert did not testify); *see also* NRS 47.080 (acknowledging offers of proof may be in narrative or question and answer form). Hagh has not identified any authority requiring the district court to direct a party to present a witness to support the party's offer of proof. *See Maresca v. State*, 103 Nev. 669, 748 P.2d 3 (1987). We conclude that Hagh has not shown that the district court abused its discretion in excluding the expert's testimony. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Cadish

cc:    Hon. Kathleen M. Drakulich, District Judge
        David Kalo Neidert
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk