IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITH WILLIAM SULLIVAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78567

FILED

NOV 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of grand larceny of an auto, value $3,500 or greater, and burglary, second offense. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant Keith William Sullivan took a vehicle from an automobile dealership lot. Police officers found him in that vehicle five days later. The State charged him with (1) burglary, NRS 205.060(1), for unlawfully entering the vehicle five days after taking it with the intent to possess it—a felony, (2) grand larceny of a motor vehicle, NRS 205.228(1), for taking the vehicle from the dealer, and (3) possession of a stolen vehicle, NRS 205.273(1)(b), for possessing the vehicle five days after taking it.[1] The

---

[1]The Legislature amended NRS 205.060, NRS 205.228, and NRS 205.273 effective July 1, 2020. See 2019 Nev. Stat., ch. 633, § 55, at 4425-27; id., § 63, at 4430-31; id., § 68, at 4432-33; id., § 137, at 4488. Sullivan committed these offenses between December 2017 and January 2018. Thus, we apply the statutes in effect at the time Sullivan committed these

20-42825

jury found him guilty on all charges. The parties stipulated to dismissing the possession-of-a-stolen-vehicle charge. *See Stowe v. State*, 109 Nev. 743, 746, 857 P.2d 15, 17 (1993) (holding that a defendant cannot be convicted of both larceny and possession of stolen property for taking the same property).

Sullivan argues that it was legally impossible for him to burgle the vehicle with the specific intent to possess it because he took it five days before the burglary and never dispossessed it. We disagree.

We review questions of law de novo. *Bailey v. State*, 120 Nev. 406, 407, 91 P.3d 596, 597 (2004). Burglary is complete upon unlawful entry with the specific intent to commit a felony. *Sheriff v. Stevens*, 97 Nev. 316, 317-18, 630 P.2d 256, 257 (1981); *see also* NRS 205.060(1) (prohibiting burglary of a motor vehicle). A defendant commits burglary "at the point of [unlawful] entry regardless of whether the underlying intended felony is ever completed." *Swaynie v. State*, 762 N.E.2d 112, 114 (Ind. 2002).

We reject Sullivan's argument that he lacked the specific intent for burglary. Burglary is complete upon unlawful entry with the intent to commit a felony, and the jury found that Sullivan unlawfully entered the vehicle with felonious intent (i.e., to possess stolen property). The subsequent dismissal of the possession-of-a-stolen-vehicle charge did not negate the specific intent for burglary because a burglary conviction does

offenses. *See State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 567, 188 P.3d 1079, 1081 (2008).

not require completion of the underlying felony.[2]  Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Barry L. Breslow, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]Sullivan also argues that the State committed misconduct by twice telling the jury that he conceded to taking the vehicle.  We conclude that Sullivan is estopped from raising this argument because he first asked the jury in his closing argument to find him guilty of the lesser-included offense of unlawful taking of a vehicle.  *See* NRS 205.2715(1) (prohibiting the taking of a vehicle without the intent to permanently deprive the owner of the vehicle); *see also Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal.").  Simply put, Sullivan asked the jury to find him guilty of taking a motor vehicle before the State's comments.